GUIDRY, J.
An accountant with the Tangipahoa Parish Council appeals a judgment of the Office of Workers’ Compensation denying her claim for medical benefits. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 17, 2000, the claimant, Virginia Gray Baker, filed a disputed claim for compensation against her employer, the Tangipahoa Parish Council for failure to authorize medical treatment. In her disputed claim, Mrs. Baker alleged “that repetitive and excessive typing over the years caused her to have pain in the left arm, neck, and left wrist.”
At the time she filed her disputed claim for compensation, Mrs. Baker held the position of an accounting supervisor and had worked for the Tangipahoa Parish Council for over twenty years. Although her main duties involved using the computer, her work duties additionally encompassed regular use of the telephone, which she also related as contributing to her injury. In about mid-to-late 1995, Mrs. Baker began experiencing symptoms of the pain for which she complained of in her disputed claim for compensation. As related by Mrs. Baker, her symptoms began as a tingling discomfort in her left arm that progressively worsened to extend down her arm to her hand. The tingling sensation eventually evolved into a burning sensation that radiated to her fingers causing numbness and inhibited her ability to hold objects in her left hand.
A hearing regarding Mrs. Baker’s disputed claim for compensation was held on April 8, 2002, following which the workers’ compensation judge (WCJ) rendered judgment in favor of the Tangipahoa Parish Council, dismissing Mrs. Baker’s disputed claim, with prejudice, as being untimely. In a written judgment signed April 11, 2002, the WCJ held that Mrs. Baker did not sustain an occupational disease for which she could receive compensation benefits and that [ seven if she had, her claim, nevertheless, would have been untimely. It is from this judgment that Mrs. Baker now appeals.
DISCUSSION
In bringing this appeal, Mrs. Baker disputes the WCJ’s finding that her claim had *700 prescribed and that her injury does not qualify as an occupational disease pursuant to La. R.S. 23:1031.1. We find no error in the WCJ’s determination that Mrs. Baker’s injury does not qualify as an occupational disease under the state workers’ compensation act, La. R.S. 23:1021, et seq. Louisiana Revised Statutes 23:1031.1(B) expressly provides, in part, that “[djegen-erative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.” (Emphasis added.)
The medical evidence in the record, without exception, conclusively demonstrates that Mrs. Baker’s complaints of pain in her neck, left aim, and hand stem from extensive degenerative disc disease in her cervical spine and multi-level spondy-losis. As such, Mrs. Baker’s claim based on the diagnoses rendered by her treating physicians regarding these complaints is clearly not compensable. La. R.S. 23:1031.1(B).
Having found no error in the WCJ’s determination that Mrs. Baker’s claimed injury is not compensable as an occupational disease, we pretermit discussion of Mrs. Baker’s second assignment of error based on the WCJ’s alternative finding that her claim is prescribed.
CONCLUSION
Considering the law and the evidence in the record, we conclude that Mrs. Baker’s injuries are not compensable as an occupational disease. In so finding, we affirm the judgment of the WCJ. All costs of this appeal are assessed to the claimant-appellant, Virginia Gray Baker.
AFFIRMED.